[Crim. No. 18.   Department Two.—July 11, 1895.]

## THE PEOPLE, RESPONDENT, v. WILLIAM DENBY, APPELLANT.

CRIMINAL LAW—EVIDENCE—CROSS-EXAMINATION OF DEFENDANT—PASSING
UNDER FALSE NAME—PREJUDICIAL ERROR.—Upon the prosecution of
a defendant accused of a crime, who becomes a witness in his own behalf,
it is improper upon cross-examination to require him to answer against
his objection that he has passed under another than his true name,
where such evidence has no connection with the matters concerning
which the defendant had testified to in chief; and the admission of such
evidence, having a tendency to cast suspicion upon the defendant, is
prejudicial error.

ID.—ARREST FOR BEGGING—RESISTANCE OF UNLAWFUL DETENTION—JUS-
TIFICATION OF ASSAULT.—One who is not a peace officer has no right to
arrest, or attempt to arrest, a person for begging, and the person so
arrested is justified in resisting such arrest, or in an assault made in
attempting to free himself from unlawful detention, upon ascertaining
that the person arresting him is not an officer authorized to make the
arrest.

ID.—VAGRANCY—BEGGING—UNLAWFUL ARREST BY PRIVATE PERSON.—
Section 647 of the Penal Code makes it an offense for a healthy beggar
to solicit alms as a business; but for a beggar to ask assistance on one
occasion does not make him a vagrant, nor justify his arrest by a pri-
vate person for the commission of the public offense of vagrancy in his
presence.

ID.—RIGHTS OF EMPLOYEE OF RAILROAD COMPANY—REMOVAL OF BEGGAR
FROM CARS—IMPROPER ARREST.—An employee of a railroad company
has a right to remove a beggar from the cars, and to protect passengers
from annoyance by him, using no unnecessary force to that end; but he
has no right to arrest him, and the person so arrested is justified in
resisting unlawful detention by such employee.

APPEAL from a judgment of the Superior Court of
Orange County and from an order refusing a new trial.
J. W. TOWNER, Judge.

The facts are stated in the opinion of the court.

*F. O. Daniel*, for Appellant.

There was no evidence of vagrancy to justify the
arrest. (Pen. Code, sec. 647.) The court had no right
to assume that the fact of vagrancy had been proven.
(*People* v. *Gordon*, 88 Cal. 422, 427; *People* v. *Choynski*,
95 Cal. 640–43; *People* v. *Hertz*, 105 Cal. 660; *Seibert* v.
*Leonard*, 21 Minn. 442; *Boddie* v. *State*, 52 Ala. 395;

Thompson's Charging the Jury, 73.)   The court erred in requiring the defendant to answer the question on cross-examination as to his going under an assumed name, it not being legitimate cross-examination or legitimate impeachment.   (Const., art. I, sec. 13; Pen. Code, sec. 1223; Code Civ. Proc., 2051; *People* v. *O'Brien,* 66 Cal. 602, 603; *People* v. *Hamblin,* 68 Cal. 101–04; *People* v. *Bishop,* 81 Cal. 113–17; *People* v. *Un Dong,* 106 Cal. 83.)

*Attorney General W. F. Fitzgerald,* for Respondent.

The act of soliciting alms by a healthy beggar is *prima facie* an act of vagrancy, for which an arrest may be made by a private person.   (Pen. Code, secs. 647, 837.)

TEMPLE, J.—Defendant was convicted of an assault with a deadly weapon, and appeals from the judgment and from an order refusing a new trial.

The prosecuting witness testified that he saw defendant soliciting alms from the passengers on the cars. Witness saw him through the windows, but did not hear what he said.   He, however, asked witness for some money, when witness arrested him and took him to the depot, as he says, "quite a length back south from where I arrested him.   I started up town with him to go to jail.   I got out across the track, and he turned on me and struck me in the face with his fist; I knocked him down; he fell on his knees, and I followed him up till he saw he had enough of it, and then he promised he would go along with me, but when we got near the jail he turned on me with a knife, and made a desperate thrust at me with the knife, which I avoided by jumping away from him, and next by throwing up my hand and striking his arm; then I knocked him down. . . . . At that time he made a desperate effort to get away from me, and said, 'I am going to cut you.'"

The witness held the defendant by the collar and sleeve.   Witness was a special agent for the California

Southern Railway Company, and had no other authority. It does not appear that he had ever seen the defendant before, nor was there any evidence tending to show that defendant had solicited alms at any other time, or that he had been guilty of any other offense.

The defendant was a witness in his own behalf and gave a very different statement of the affair. He says he had the knife in his hand when he was arrested. He was paring his nails. He kept the knife all the way along. That he thought at first the prosecuting witness was an officer, and on the way discovered that he was not. He then declined to go with him and was knocked down and beaten. He denies any attempt to strike the prosecuting witness with the knife, and says he did not intend to cut him with it.

In his own behalf the witness only testified to the circumstances of the arrest and the alleged assault.

On cross-examination he was asked whether he was in Los Angeles in 1893. The question was objected to as not proper cross-examination, but the objection was overruled, defendant excepting. He was then asked: "Under what name did you go there?"

The question was excepted to as not proper cross-examination, and as incompetent, irrelevant, and immaterial. The objection was overruled and defendant excepted. The defendant then declined to answer, on the ground that the answer would tend to degrade his character. The court nevertheless required him to answer, saying that a person may have a justifiable reason for passing under another name when no reason for so doing appeared. An exception was taken to the ruling, and the defendant answered, "Thomas Swift."

These rulings were manifestly erroneous, but the attorney general claims that the evidence was harmless. I do not think so. If it be conceded that one may have good reason for passing under another name, it nevertheless tends to cast suspicion upon one who does so. The district attorney evidently thought so, or

he would not have insisted upon the testimony. It had no place in the case, and, if it were relevant testimony, it would have been improper to educe it from the defendant under the circumstances. It had no connection with the matters concerning which he had testified in chief.

The court refused to give the following instruction asked for by the defendant: "The witness Strait, not being a peace officer, had no right to arrest or attempt to arrest the defendant for begging, and the defendant was justified in resisting such arrest or attempting to free himself from the hold of said witness, after he had arrested him, upon ascertaining that the person so arresting him was not an officer authorized to make arrest."

Upon this subject the court, against the exception of defendant, instructed the jury as follows: "Now the question arises, Was this defendant committing an offense for which a private person might arrest him on the occasion of this transaction which has been detailed to you? Section 647 of the Penal Code of the state defines who are vagrants, and, as I understand the testimony given in this case, it is for the offense of vagrancy in some one or other of its forms that this arrest was made, and made by a private person, and made for the public offense of vagrancy."

Section 837, Penal Code, provides: "A private person may arrest another: 1. For a public offense committed or attempted in his presence."

Vagrancy is defined in section 647 of the Penal Code. In that section various classes of persons are pronounced vagrants, made such, by their practices, habits, and mode of life—and dependent sometimes partially upon physical condition.

There is nothing in the testimony showing or tending to show that the defendant committed or attempted to commit the public offense of vagrancy in the presence of the prosecuting witness. The statute makes it an offense for a healthy beggar to solicit alms as a business. For one to ask assistance on one occasion does not make him a vagrant.

As an employee of the railroad company the prosecutor had a right to remove the defendant from the cars, and to protect passengers from annoyance by him, using no unnecessary force to that end, but he had no right to arrest him, and defendant was justified in resisting such unlawful detention.

I think the instruction ought to have been given as asked.

It would serve no useful purpose to consider other alleged errors.

The judgment and order are reversed.

McFARLAND, J., and HENSHAW, J., concurred.