[Crim. No. 105.   Second Appellate District.—November 14, 1908.]

THE  PEOPLE,  Respondent,  v. DOROTHY  GORHAM,
Appellant.

CRIMINAL LAW—FORGERY—UTTERING AND PASSING FORGED CHECK—
NAME OF PAYEE OMITTED.—The crime of uttering and passing a
forged check is complete within the meaning of section 476 of. the
Penal Code, though the name of the payee was not inserted therein
when it was delivered, provided the check was otherwise sufficient
in form.

ID.—AUTHORITY TO FILL NAME—RELATION OF FILLING TO DELIVERY.—
The uttering and passing of a check having merely the name of the
payee left in blank gives to any *bona fide* holder for value the implied authority to fill it with his own name or that of a third person; and the filling in of such blank by any authorized person relates to the time of the delivery of the check.

ID.—LEGAL EFFECT OF CHECK BEFORE FILLING OF NAME—PAYMENT TO
BEARER.—The legal effect of the blank check until the name of the
payee is properly inserted pursuant to the implied authority given
by its delivery is that it is payable to the bearer and passes from
hand to hand by mere delivery.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. W. P. James, Judge.

The facts are stated in the opinion of the court.

Noleman & Smyser, for Appellant.

U. S. Webb, Attorney General, and George Beebe, Deputy Attorney General, for Respondent.

SHAW, J.—As disclosed by the record, defendant negotiated for the purchase of a piano from the Wiley B. Allen Company at an agreed price of $350. In payment therefor she gave to the salesman an instrument which purported to be signed by Mrs. S. M. Dimmick, whom she represented to be her sister, and for whom she was purchasing the piano. This check when handed to the salesman was in the following form:

"Los Angeles, Cal., ...March 10,.... 190.8.. No...9..

"The Farmers and Merchants National Bank

of Los Angeles. Pay to

.....................................or order $..400..
................Four Hundred ..................Dollars.
........Mrs. S. M. Dimmick........"

As a reason for presenting the check for a sum in excess of the required amount and with the name of the payee left blank, she stated that her sister was ill, and had given her the check, not knowing from whom nor at what price she would make the purchase, but limiting the price to not exceeding $400. Defendant was requested to fill in the blank space with the name of the payee, but declined to do so, saying it was customary to stamp that in. The salesman took the check to the office on the same floor, where the manager stamped the name of the Wiley B. Allen Company in the space left blank for the name of the payee. Upon inquiry made at the bank, during which time defendant was detained at the store, it was ascertained that the check was fraudulent, both as to the signature and absence of money deposited in the bank to account of Mrs. Dimmick. The manager then presented the check, with the name of the payee stamped therein, to defendant, who, holding one end of it while he retained the other, was asked if it was not possible that a mistake had been made, and she said that the check was good. She was then placed under arrest, and stated that she had found the check and that her name was not Martin, as she had represented, but Gorham. The piano was not delivered, nor was any money paid to defendant on said check.

The check, as alleged in the information, and which defendant is charged with uttering, publishing and passing, and that was offered in evidence in support of said allegation, had

inserted therein as payee the name of the Wiley B. Allen Company.

Defendant was convicted as charged, and appeals from the judgment and an order denying her motion for a new trial.

The ground upon which appellant bases her right to a reversal is the fact that the check at the time it was delivered to the Wiley B. Allen Company did not contain the name of the payee; hence, it is claimed the instrument was not a check or other document within the meaning of section 476 of the Penal Code, and that there was a fatal variance between the allegation in the information and proof offered in support thereof. It may be, as contended by appellant, that the instrument did not constitute a check until the name of the payee was inserted therein (*Rex* v. *Richards,* Russ. & R. [Eng.] 192; *Rex* v. *Randall,* Russ. & R. [Eng.] 195), though the contrary doctrine seems to prevail in the state of Indiana. (*Harding* v. *State,* 54 Ind. 359.) In any event, all that was required to make the instrument a check was the insertion therein of the name of the payee, and the filling in of such blank may be made by anyone authorized so to do. When so filled it relates back to the time of its delivery. Such authority may be conferred under an implied agency created by the maker's act in putting the paper into circulation. "Leaving such blank for the name of the payee gives to any *bona fide* holder for value an implied authority to fill the blank with his own name, or with that of a third person." (Randolph on Commercial Paper, sec. 185; *Rich* v. *Starbuck,* 51 Ind. 87.) By voluntarily delivering the instrument in question to the Wiley B. Allen Company in payment of the purchase price of the piano, defendant constituted the company her agent, with authority to fill in the blank space with its own name, or that of any third person to whom said company as holder might transfer it. In legal effect it was her act, and made the check just what she designed it to be. The effect of such paper until the name of the payee is inserted pursuant to the authority conferred upon the receiver by its delivery for value is that it is payable to the bearer and passes from hand to hand by mere delivery. Under our view, there is no merit in appellant's contention.

It is apparent from the foregoing views that the court did not err in instructing the jury as follows: "A check or order

for the payment of money, however, duly executed in other respects, but having the name of the payee omitted therefrom and delivered in that condition by the maker, carries with it the authorization of the maker to the intended payee to supply the name of such intended payee, or the name of any other person to whom the intended payee may deliver the check or order with the intent to pass title thereto.''

We cannot agree with appellant that ''the fact that the instrument does not designate any payee at once raises the presumption that it is in circulation without authority, and one who accepts it in that condition must at his peril ascertain whether or not the person tendering it has authority to complete it or to authorize another to do so.'' On the contrary, bills and checks are often executed in full, with the exception of the name of the payee, which is left blank in order that it may be afterward filled up with the name of the actual holder, who demands payment. (Daniel on Negotiable Instruments, sec. 145.)

We find no prejudicial error in the record, and the judgment and order appealed from are affirmed.

Allen, P. J., and Taggart, J., concurred.