[Crim. No. 1561. In Bank.—May 27, 1910.]

## THE PEOPLE, Respondent, v. H. J. MOHR, Appellant.

CRIMINAL LAW—REFUSAL TO ARREST JUDGMENT—REVIEW UPON APPEAL. —An order denying a motion in arrest of judgment is not appealable, but any error in connection with the motion in arrest of judgment may be reviewed on appeal from the judgment.

ID.—DRAWING FRAUDULENT BANK CHECK—SUFFICIENT INFORMATION.— An information charging that defendant did, with intent to defraud one C. B. Rourk, draw, utter, and deliver to one Frank Harrington a certain check for the payment of money in the sum of twelve dollars on a specified bank, knowing at the time that he had no funds or credit in said bank, states facts sufficient to constitute the public offense defined in section 476a of the Penal Code; and a demurrer thereto was properly overruled and a motion in arrest of judgment was properly denied.

ID.—SUFFICIENCY OF EVIDENCE.—The evidence introduced is held legally sufficient to support the verdict of the jury.

ID.—PREJUDICIAL ERROR IN RULING—IMPROPER CROSS-EXAMINATION OF DEFENDANT—PASSING UNDER ASSUMED NAMES—ABSENCE OF ISSUE. —Where on the direct examination of defendant he merely stated his true name as stated in the indictment, and there was no issue as to any other name or testimony by him as to any different name, it was prejudicially erroneous to allow him to be cross-examined as to numerous assumed names under which he passed, manifestly not for the purpose of discrediting the witness, but solely for the purpose of reflecting·upon his character as a man and creating the impression that he was in the habit of going under assumed names, a matter not conducive to a good character for the defendant.

ID.—DEFENDANT TRIED FOR SPECIFIC OFFENSE.—A defendant on trial for a specific offense may not be discredited in the minds of the jury by evidence of specific acts in his past life not connected in any way with the matter under investigation, unless the evidence given by him on direct examination was of such a nature as to warrant it as proper cross-examination; and where the evidence did not so warrant it, it practically amounted to the evidence of circumstances tending to show guilt, thus virtually compelling the defendant to testify against himself, which the law does not permit.

ID.—ASSUMPTION OF ASSUMED NAME—KNOWLEDGE OF ORDER OF ARREST
—EVIDENCE TENDING TO SHOW FLIGHT.—Evidence of the assumption of an assumed name, after knowledge of an .order of arrest, must be regarded as constituting evidence inconsistent with innocence of the charge against him, and as constituting practically evidence of flight.

APPEAL from a judgment of the Superior Court of Kings County and from an order denying a new trial. John G. Covert, Judge.

The facts are stated in the opinion of the court.

J. C. C. Russell, for Appellant.

U. S. Webb, Attorney-General, and George Beebe, Deputy Attorney-General, for Respondent.

ANGELLOTTI, J.—The defendant was convicted of the offense defined by section 476a of the Penal Code, it being alleged in the information that he did willfully, with the intent to defraud one C. B. Rourk, draw, utter, and deliver to one Frank Harrington, a certain check for the payment of money, to wit: twelve dollars, on the Hanford National Bank of Hanford, a banking association, knowing at the time that he had no funds in or credit with said bank to meet or pay said check upon its presentation. Upon this conviction he was adjudged to suffer imprisonment in the state prison for two years. This is an appeal from the judgment, the order denying a new trial, and the motion in arrest of judgment.

The last-named order is not appealable (Pen. Code, sec. 1237; *People* v. *Matuszewski,* 138 Cal. 533, [71 Pac. 701]), but errors in connection with the motion in arrest of judgment may be considered on the appeal from the judgment.

We are satisfied that the information stated facts constituting the public offense defined by section 476a of the Penal Code, and that it was not subject to any of the objections specified in the demurrer. The demurrer was therefore properly disallowed, and the motion in arrest of judgment properly denied.

The evidence introduced was legally sufficient to support a conclusion on the part of the jury that the defendant was guilty of the offense charged. A careful review thereof, how-

ever, satisfies us that the case against the defendant was not of such a nature that we can say that he was not prejudiced by certain rulings of the trial court which we are satisfied were erroneous, in other words that the evidence as to his guilt of the offense charged was not so clear and convincing as to justify us in concluding that he was not prejudiced by such rulings.

The defendant was put upon the witness stand merely to identify a letter written by him to Harrington after the transaction as one written and signed by him. On his direct examination he merely stated that his name was H. J. Mohr, that he was the defendant, and that he wrote and signed the letter. On cross-examination, the district attorney was permitted by the court, apparently upon the theory that it was proper cross-examination in view of his statement that his name was H. J. Mohr, to ask such questions as "Did you ever go under the name of Harold Miller?" "Did you ever go by the name of W. J. Wilbur?" "Did you ever register during the month of October as H. O. Miller?" "Did you ever go by the name of Harold Miller?" "Now, during the month of October, 1908, didn't you register at the Victor lodging house under the name of H. O. Miller?" "Did you ever go by the name of E. H. Moore?" "Did you ever go by the name of H. E. Moore?" "Did you ever go by the name of W. J. Wilbur?" "Did you ever go by the name of E. J. King at Turlock, Stanislaus County, in this state?" These and other questions, equally subject to objection as not proper cross-examination, constituted the whole of the cross-examination, and all of them the defendant was required by the court to answer, although proper objections were made thereto. It appears, too, that these questions were asked in such a manner as to indicate that the district attorney had in his hands at the time he asked the questions, written data to support the same. The conduct of the district attorney in asking these questions was objected to and excepted to by defendant's counsel, but the court apparently approved such conduct, refusing to direct that officer to desist, and directing him to proceed.

The questions above noted were all improper cross-examination. They were not in response to any portion of the direct examination and were obviously asked not for the purpose of discrediting defendant as a witness, but simply and solely for

the purpose of reflecting upon his character as a man, and creating the impression in the minds of the jurors that he was in the habit of going under assumed names, a matter "not conducive to a good character for defendant" (*People* v. *Arlington,* 123 Cal. 356, [55 Pac. 1003] ; see, also, *People* v. *Denby,* 108 Cal. 54, [40 Pac. 1051]), and certainly upon such a charge as was here under investigation affirmative answers to such questions would have been exceedingly prejudicial. There was no issue or dispute as to defendant's true name. The check was signed "H. J. Mohr," and the defendant had been informed against and was being prosecuted as "H. J. Mohr," which name, it must be assumed from the record, he had acknowledged on arraignment to be his true name. The questions were clearly directed solely, not to the proposition that his name was something other than H. J. Mohr, but to the proposition that his true name being H. J. Mohr, he had on various occasions assumed a false name. The claim that they constituted cross-examination simply because he had testified that his name was H. J. Mohr, was, under the circumstances, the merest pretense, and clearly without sound basis. If the defendant had testified on direct examination to the effect that he had never gone under an assumed name, such testimony, although inadmissible under the circumstances of this case, would have afforded sufficient ground for the questions asked by the district attorney, but there was no testimony of this nature on direct examination. It is elementary that a defendant on trial for a specific offense may not be discredited in the minds of the jury by evidence of specific acts in his past life not connected in any way with the matter under investigation, either offered in chief by the district attorney, or elicited on cross-examination of the defendant, unless the evidence given by him on direct examination was of such a nature as to warrant it as proper cross-examination. As said by Justice Temple in *People* v. *Denby,* 108 Cal. 54, [40 Pac. 1051], the proposed evidence "had no place in this case, and, if it were relevant testimony, it would have been improper to educe it from the defendant under the circumstances. It had no connection with the matters concerning which he had testified in chief." The attorney-general apparently does not contend otherwise, but seeks to avoid the effect thereof by the claim that the erroneous rulings were not prejudicial.

This claim is based on the fact that all of the questions as to assumed names, except those as to the name H. O. Miller, were answered in the negative. As to the name H. O. Miller, defendant answered in the affirmative, saying that on the night before his arrest, learning that there was a warrant out for his arrest, he registered at the Victor lodging house in Hanford as H. O. Miller. As to this it is claimed that the answer was not prejudicial in view of the accompanying statement that it was after he was informed of the warrant of arrest, it being said that the taking of an assumed name would be regarded as natural and usual under the circumstances, and would not operate to his prejudice with the jury. We cannot say that this would be so. Such action on the part of the defendant might reasonably be regarded by the jury as inconsistent with innocence of the charge against him, and as indicative of a desire to conceal himself so as to avoid arrest, constituting practically evidence of flight. Such evidence could not properly be elicited from the defendant himself, except where proper cross-examination, which, we have shown, it was not. It amounted to the eliciting of positive evidence of facts tending to show guilt, thus virtually compelling the defendant to testify against himself, which our law does not permit.

In view of what we have just said it is unnecessary to consider whether as to the other questions any prejudicial effect was obviated by the negative answers. It is doubtless true that generally an answer to an improper question that is favorable to the defendant is a complete reply to a claim of prejudicial error in the allowing of the question.

The judgment and order denying a new trial are reversed.

Shaw, J., Lorigan, J., and Sloss, J., concurred.