## SUPREME COURT—APPELLATE DIVISION— SECOND DEPARTMENT.

December 12, 1919.

## THE PEOPLE v. MAY PHELPS.

(189 App. Div. 775.)

VAGRANCY—VIOLATION OF SUBDIVISION 4 OF SECTION 887 OF CODE OF CRIMINAL PROCEDURE—EVIDENCE SUFFICIENT TO SUSTAIN CONVICTION—OFFER TO COMMIT PROSTITUTION.

In a prosecution for vagrancy in violation of subdivision 4 of section 887 of the Code of Criminal Procedure, evidence *held* sufficient to show defendant's guilt beyond a reasonable doubt.

In such an action proof that the defendant offered to commit prostitution is sufficient to sustain a conviction.

APPEAL by the plaintiff, The People of the State of New York, by permission, from an order and judgment of the County Court of Kings county, entered in the office of the clerk of said county on the 25th day of August, 1919, as resettled, reversing a judgment of the Magistrate's Court of the City of New York, borough of Brooklyn, rendered on the 29th day of May, 1919, convicting the defendant of a violation of subdivision 4 of section 887 of the Code of Criminal Procedure.

*Harry G. Anderson, Assistant District Attorney (Harry E. Lewis, District Attorney,* with him on the brief), for the appellant.

*John S. Bennett,* for the respondent.

RICH, J.:

The evidence before the magistrate was sufficient to warrant the conviction of the defendant of the crime charged against her, and a careful reading of the testimony, which it is unnecessary to quote, leads to the conclusion that the learned county judge was in error in finding that the guilt of defendant was not proven beyond a reasonable doubt.

The reversal is based upon another ground also. The county judge was of the opinion that in order to sustain a conviction under subdivision 4 of section 887 of the Code of Criminal Procedure, it was incumbent upon the people to " establish that the defendant was a common prostitute or night walker, that she solicited to the annoyance of the inhabitants or passersby, and that she was there in a public place for the purpose of prostitution." This was a mistaken view of the law. The proof established that the defendant offered to commit prostitution, and this proof was all that was requisite to a conviction.

The defendant was convicted upon sufficient evidence, and the order of the County Court must be reversed.

The order of the County Court of Kings county is reversed and the judgment of conviction in the Magistrate's Court affirmed, and defendant remanded to custody.

JENKS, P. J., PUTNAM, BLACKMAR and JAYCOX, JJ., concurred.

Order of the County Court of Kings county reversed, judgment of conviction in the Magistrate's Court affirmed, and defendant remanded to custody.