AARON SIMON v. THE STATE.

No. 8519.   Delivered February 18, 1925.

**Forgery—Undated Check—Subject of Forgery.**

When the instrument alleged to have been forged, is a check on a bank payable to the order of cash, and undated, *innuendo* averments in the indictment are not necessary, the instrument clearly creating a pecuniary obligation, on the purported maker, there being no other error assigned, the cause is affirmed.

Appeal from the District Court of Panola County. Tried below before the Hon. Chas. L. Brachfield, Judge.

Appeal from a conviction for forgery; penalty, two years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Appellant entered a plea of guilty to forgery, making application for suspended sentence. He was awarded two years in the penitentiary, suspended sentence being denied. No attack had been made upon the indictment previous to trial, but by motion in arrest of judgment it was assailed upon the ground that the instrument alleged to have been forged is not the subject of forgery without *innuendo* averments. The instrument described in the indictment reads:

"Carthage, Texas                                          192
Guaranty State Bank, pay to the order of Cash ................
$15.00  ......................................... Dollars
                                        JACK WILSON."

No extrinsic averments are found in the indictment as to the date of the check or the payee. Were they necessary? It is not indispensable that an instrument to be the subject of forgery be dated. The instrument here declared on, if genuine, would have created a pecuniary obligation upon the maker though it bore no date. (Boles v. State, 13 Texas Ct. App., 650; Dixon v. State, 26 S. W., 500.) Our statute defining forgery reads:

"He is guilty of forgery who, without lawful authority, and with intent to injure or defraud, shall make a false instrument in writing purporting to be the act of another, in such manner that the false instrument so made would (if the same were true) have created, increased, diminished, discharged or defeated any pecuniary obligation, or would have transferred, or in any manner have affected any property whatever."

Supposing the check to have been a genuine instrument what was its legal effect? A check, although the name of the payee is left blank, may be the subject of forgery because if genuine and delivered in such condition it carries with it authority for the holder to write in the name of the party entitled to receive the money called for by it. Randolph on Commercial Paper, Vol. 1, Sec. 185; Daniel on Negotiable Instruments, Vol. 1, Sec. 145; People v. Gorham, 9 Cal. App. Rep., 341; also as instrument payable only to "bearer" is the subject of forgery. (Hendricks v. State, 26 Texas Ct. App., 176.) One of the tests to determine whether a certain instrument may be the subject of forgery is, would it create a pecuniary liability upon the purported maker if genuine? (Scott v. State, 40 Texas Crim. Rep., 104, 48 S. W., 523.) We think there can be no doubt that such an instrument as the check described, if executed and delivered by Wilson, would in the hands of the holder of it show liability of the maker thereon. It purports upon its face to be a direction from Wilson to the bank to pay to the presentor or holder thereof the amount of money called for in the check; in other words, in legal effect it is a check payable to the "bearer thereof." (Daniel on Negotiable In-

struments, Vol. 1, Sec. 99; Randolph on Commercial Paper, Vol. 1, Sec. 150.) So believing, we hold the indictment good.

The judgment is affirmed.

*Affirmed.*