SUCCESSORS OF JOSÉ FERNÁNDEZ, *S. en C.*, Plaintiff and Appellee, *v.* DIEGO ZALDUONDO, Defendant and Appellant.

No. 5045. Argued November 12, 1929.—Decided December 18, 1929.

*A. Aponte* and *Francisco González*, for appellant. *E. Martínez Rivera*, for appellee.

MR. JUSTICE TEXIDOR delivered the opinion of the court.

The firm of Successors of José Fernández, *S. en C.* (limited partnership), brought an action in the District Court of San Juan against Diego Zalduondo, who resides in Fajardo.

Two causes of action are alleged in the complaint. In one of them the sum of $1,501.88 is claimed as the amount of a draft in favor of the plaintiff and payable by the defendant. In the other, $700 is claimed on a promissory note payable to the order of Francisco González Matta and alleged to have been transferred by indorsement to the plaintiff.

The defendant moved for a change of venue to the District Court of Humacao and accompanied the motion with a demurrer and an affidavit of merits. The defendant requested the District Court of San Juan to set a day for the hearing of the motion, and after the same was heard, the court refused the change of venue by an order, appealed herein, which reads as follows:

"The hearing took place on June 17, 1929, and as it appears from the promissory note, which is literally copied in the third paragraph of the complaint, that the defendant Diego Zalduondo expressly submitted to the jurisdiction of the District Court of San Juan, P. R.;

"The court hereby overrules the motion for a change of venue filed by the defendant."

For the purposes of this opinion it must ·be pointed out that no document whatever is copied in the first cause of action alleged in the complaint, nor is submission alleged by the defendant. The following document is transcribed in the second cause of action:

"Amount $700.00.—Due April 3, 1929. For value received, I promise to pay to Mr. Francisco González Matta or his order the sum of seven hundred dollars, in United States currency on the third day of April, nineteen hundred and twenty nine. I bind myself to pay interest after maturity at the rate of twelve per cent annually, and the costs and expenses incurred for the collection and attorney's fees in case of judicial claim. I pledge all my property to the faithful performance of the present obligation and submit to the jurisdiction of the courts of San Juan, Puerto Rico. Fajardo, January 3, 1929. (signed) Diego Zalduondo Veve. Indorsed in favor of Successors of José Fernández. February 20/29. (signed) Francisco González Matta. Pay to the order of Banco Comercial de Puerto Rico. San Juan, March 8, 1929. (signed) Succrs. of José Fernández."

The appellant maintains that the court erred in denying the motion for a change of venue.

The appellee draws attention to a point which we wish to discuss first. It is urged that, as the defendant filed in the District Court of San Juan a motion for setting a day for the hearing of the motion for a change of venue, he has thereby submitted to the jurisdiction of that court.

The proceedings stood thus: a complaint had been filed and a motion for a change of venue had been made and duly entered. Could it be maintained that the mover must thenceforth remain inactive and be deprived of the right to have his motion heard? Is he barred from applying to the court with reference to matters connected with the change of venue? An affirmative answer to this would be absurd and would run counter to the purpose of every judicial proceeding, namely, the administration and procurement of justice.

The applicable law (section 77 of the Code of Civil Procedure) is as follows:

"Section 77.—The submission shall be understood to be made:
" * &ast; &ast; &ast; &ast; &ast; &ast;
"3. By the defendant when, after his appearance in court, he takes any step other than to request that the trial be held in the proper court."

The word *step,* as used in the above provision, can not be construed so as to include an application which defendant may make precisely in furtherance of the change of venue sought. Such an application can not be confused with a step *in the action,* among other reasons, because the court would not be asked to do any jurisdictional act. Besides, there is a great difference between a special and a general appearance. This difference was discussed in *United States Casualty Co.* v. *Méndez,* 38 P.R.R. 895, where the concept of a general appearance is accurately defined. We quote the following extract from that decision (p. 898):

"Now the defendant could not attack the jurisdiction of the District Court of Mayagüez because of his residence elsewhere on the Island.

He must move for a change. His motion, however, challenged neither the jurisdiction nor the competency of the court. It was not a special appearance under the definition laid down in this jurisdiction."

In reality, no appearance is entered in the action by the mere fact of applying for a hearing of the motion for a change of venue.

Of more importance and interest is the question raised by the appellant in these or similar terms: There are in the present case two causes of action; as regards the claim for recovery of the amount of the draft, the defendant has made nó stipulation of submission to any particular court; with reference to the promissory note, the defendant has used in the document the expression ''I submit to the jurisdiction of the courts of San Juan.'' The appellant lays stress upon the alleged vagueness of that expression.

As the parties have cited the decisions of this court in *Gómez* v. *Toro*, 23 P.R.R. 596, and *Font* v. *Castro*, 33 P.R.R. 746, it must be pointed out that no application can be made herein of the doctrine laid down in *Font* v. *Castro, supra,* because in that case the document wherein the submission was alleged to have been made did not appear from the record and the court could not make any declaration regarding the terms thereof. In *Gómez* v. *Toro, supra* the document was transcribed and the following formula appeared therein:

"Expressly submitting to the jurisdiction of the Insular courts of San Juan . . . ."

In the document herein a similar expression is used, which is sufficient to designate clearly and precisely the court to whose jurisdiction the debtor submits.

Of greater importance is the other point argued by the appellant. He cites the case of *Ah Fong* v. *Sternes*, 79 Cal. 30, in which it was said:

"If a complaint states two causes of action, as to one for which the defendant has a right to a change of venue, but not as to the other, the case will be transferred."

The appellee, in its turn, invokes the decision in *Shafer* v. *Barshear,* 274 S. W. 229, where it was held (quoting from the syllabus):

"In view of rule against multiplicity of suits, trial court *held* to have jurisdiction of suit in Live Oak county, which was not the county of defendant's residence, where the suit was founded partly on a written contract to pay for a work and material in Live Oak county and partly on a verbal contract to pay for certain extra materials furnished, notwithstanding amount claimed owing on verbal promise was almost nine times larger than amount still owing on the contract."

The citation made by the appellant (*Ah Fong* v. *Sternes, supra*), can be strengthened with the doctrine laid down in *Brady* v. *Times Mirror Co.,* 106 Cal. 56, 39 Pac. 2091. In the latter case the court said:

"The right of a plaintiff to have an action tried in another county than that in which the defendant has his residence is exceptional and if the plaintiff would claim such right, he must bring himself within the terms of the exception."

The question as to whether or not the two causes of action alleged herein could be joined has not been raised, and need not be considered.

The defendant is entitled to have the action, wherein he had not submitted to the jurisdiction of the District Court of San Juan, tried and decided in the district of his residence. In this respect the order appealed from was erroneous.

The order appealed from must be reversed and another entered granting the motion for a change of venue.