[Cr. A. No. 584. Appellate Department, Superior Court, Los Angeles County.—February 20, 1931.]

THE PEOPLE, Respondent, v. RUTH SCOTT et al., Appellants.

(1 Cal. Supp. 124.)

McDonald & Thompson for Appellants.

Charles P. Johnson, City Prosecutor, and John L. Bland and Joe W. Matherly, Deputies City Prosecutor, for Respondent.

McLUCAS, P. J.—Defendants were convicted of vagrancy, as being dissolute persons, and appeal from the judgment. According to the undisputed evidence, defendants presented dances on a stage before several hundred men assembled at a smoker. Upon the first appearance of defendants, they were partially clothed in dancing costumes, and thereafter each of the defendants in turn came back upon the stage and presented dances before the assembled men, and each of defendants upon the last occasion appeared and danced in the nude for a period not exceeding five minutes. There was no evidence offered that defendants had danced in the nude on any other occasion.

Appellants contend that the evidence was insufficient to support the conviction of vagrancy, for the reason that a single or specific act is not sufficient to constitute the actor a vagrant under subdivision 5 of section 647 of the Penal Code, which defines "every idle, or lewd, or dissolute person, or associate of known thieves" as being a vagrant. "Vagrancy at common law was defined as the

wandering or going about from place to place by an idle person who has no lawful visible means of support, and who subsists on charity and does not work for a living though able so to do, but it has not infrequently been held by many courts that the statutes, in both England and America, have so much and so frequently dealt with the subject of vagrancy, that the common law on the subject has become unimportant. Where the legislature of a state has taken upon itself the regulation of vagrants by statute, the words therein must bear the interpretation thereby made or intended, and owing to the different wording of such statutes it is impracticable to lay down a definition that will include all who are vagrants, or to give the description of all those who come within this class in the various states.'' (8 R. C. L., p. 339.)

It is generally conceded that, within certain broad limitations, the legislature may by statute define vagrancy and impose punishment for the offense. (*Ex parte Hudgins,* 86 W. Va. 526 [9 A. L. R. 1361, 103 S. E. 327].) In *In re McCue,* 7 Cal. App., it is said (p. 766 [96 Pac. 110, 111]): ''We are inclined to the view that while idleness, whether it be that of the 'idle rich' or 'idle poor', is a prolific source of crime, still it is not competent for the legislature to denounce mere inaction as a crime without some qualification. But this cannot be said of lewdness or dissoluteness—terms often used interchangeably but each of which applies to the unlawful indulgence of lust, whether in public or private. 'Any practice the tendency of which, as shown by experience, is to weaken or corrupt the morals of those who follow it, . . . is a legitimate subject for regulation or prohibition by the state, . . . and unless it clearly appears that a statute enacted for this purpose has no real or substantial relation to these objects, and that the fundamental rights of the citizen are assailed under the guise of a police regulation, the action of the legislative department is conclusive.' (*Ex parte Tuttle,* 91 Cal. 590 [27 Pac. 933].) The elements of lewdness and dissoluteness, under the accepted definition of those terms, come directly within the inhibited practices and are proper subjects of regulation and prohibition. The statute, then, is a valid exercise of police power as to these elements, and it is within the power of the court to determine whether one charged comes

within the class of lewd or dissolute persons. (*Ex parte Ah Fook,* 49 Cal. 404.)''

Undoubtedly at the common law, and under many provisions of the statutes, a single act is not sufficient to constitute a person a vagrant. Under most of the provisions of section 647 of the Penal Code, a single act is not enough to make a person a vagrant. Appellants, in support of their contention, have cited many cases in which it has been held that a single act is insufficient to constitute vagrancy, but in each case the statute must be read in order to determine whether the statute requires more than a single act to be committed. In *People* v. *Denby,* 108 Cal. 54 [40 Pac. 1051, 1052], under a statute defining as a vagrant a ''healthy beggar who solicits alms as a business'', Penal Code, section .647, subdivision 2, prior to 1911 amendment, it was held that the vagrancy statute has no application to single instances of conduct, which, if habitual, would amount to vagrancy. It is self-evident that proof of habitual conduct was necessary under the language of the statute in the foregoing case. But, on the other hand, there are many cases in which the vagrancy statute was held to permit proof of a single act of vagrancy. (See note, 14 A. L. R., p. 1498.) In *People* v. *Phelps,* 189 App. Div. 775 [179 N. Y. Supp. 289, 290], it was held that under a statute making one who offers to commit prostitution guilty of vagrancy, proof that the defendant offered to commit prostitution is sufficient to convict and it is not necessary to establish ''that the defendant was a common prostitute or night-walker, that she solicited, to the annoyance of inhabitants or passers-by, and that she was there in a public place for the purpose of prostitution.'' In *People* v. *Edwards,* 180 N. Y. Supp. 631, 634, under the statute which defined a vagrant as ''a person who offers to commit prostitution'', it was stated that ''a man who induces, entices or procures a woman to commit prostitution, either with himself or with another, is a vagrant, and the man who aids or abets or participates in the commission of prostitution by a woman is a vagrant''. For further cases holding that a single act may constitute vagrancy under the statute, see *People* v. *Lorraine,* 196 N. Y. Supp. 323; *People* v. *West,* 204 N. Y. Supp. 234. In *Ex parte Karnstrom,* 297 Mo. 384 [249 S. W. 595],

where the statute read, ''every person found tramping or wandering around from place to place without any visible means of support, shall be deemed a vagrant'', it was held (p. 395 of 297 Mo.) that it is not necessary to establish a continuing offense or a habitual course of conduct extending over an appreciable period of time. In *State* v. *Rayburn*, 170 Iowa, 514 [L. R. A. 1915F, 640, 153 N. W. 59], it was held that under a statute forbidding the resorting of any person to a house of ill-fame for the purpose of prostitution or lewdness, that proof of one act would be enough, or the evidence might be such that the crime would be complete without proof of such single act if the evidence was sufficient to show the intent or purpose in resorting to the place, and that it was for the purpose of prostitution or lewdness. In *State* v. *Gardner*, 174 Iowa, 748 [Ann. Cas. 1917D, 239, L. R. A. 1916D, 767, 156 N. W. 747], it was held that a single offense will support a conviction of resorting to a house of ill-fame for the purpose of lewdness.

Appellants rely upon certain language in. *People* v. *Craig*, 152 Cal. 42 [91 Pac. 997]. In that case the court discussed the statutory definition of vagrancy contained in Penal Code, section 647, and especially subdivisions 5 and 6, which then read as now:

''Every idle, or lewd, or dissolute person, or associate of known thieves; or,

''Every person who wanders about the streets at late or unusual hours of the night, without any visible or lawful business.''

The court said (p. 46 of 152 Cal.): ''We think the evidence was clearly relevant as tending to prove that the arresting officers were personally cognizant of facts constituting the appellant a vagrant within the statutory definition of vagrancy. (Pen. Code, sec. 647, and especially subdivisions 5 and 6.) It was to the effect that for a period of three months prior to the assault charged he had been seen by Sergeant Wilson at all hours of the night, from nine p. m. to three a. m., in and about the saloons clustering around Second and L streets, 'McCarthy's,' 'The Art,' 'The Palm,' and 'The Casino,' and in the immediate neighborhood of the 'Concentration Camps' (a local euphemism for houses of ill-fame). It was to the further

effect that he had no visible or lawful business, and that he associated with a reputed prostitute. This was vagrancy, and if vagrancy of this species is a misdemeanor which can be committed 'in the presence' of an observer, this misdemeanor, supposing the evidence to be true, was committed in the presence of the arresting officer. If, as a witness, he could testify from actual knowledge to every element of the offense, the offense must have been committed in his presence. And it makes no difference that this species of vagrancy cannot be committed by a single act observable at one point of time. A series of acts extending over a considerable period of time and only constituting a criminal offense because of their continuance and repetition, alone or in conjunction with other circumstances, being capable of observation and actual knowledge by a peace officer, will justify him, when the series of acts is complete, in making an arrest without a warrant as fully as in the case of any other misdemeanor committed or attempted in his presence.''

We do not interpret this language of the court as holding that under no circumstances is proof of a single specific act sufficient to support a conviction of vagrancy, as a dissolute person, but rather that under the facts as stated, such species of vagrancy cannot be committed by a single act observable at one point of time.

Webster's Unabridged Dictionary defines dissolute as ''loosed from restraint, unashamed, lawless, loose in morals and conduct, recklessly abandoned to sensual pleasures, profligate, wanton, lewd, debauched''. We conclude that the evidence is sufficient to support the judgment of the trial court that the defendants are dissolute persons as so defined. Conceding that vagrancy is chronic rather than acute, as stated in *People* v. *Craig, supra,* yet we think the existence of such a chronic condition may be ascertained from a single examination, if the characteristic reactions of that condition be found present. ■ There are many acts which, if committed repeatedly over a period of time, would be evidence of the species of vagrancy here charged, but which are of such doubtful import, because they might proceed from other causes than a lewd or dissolute character, that a single instance would afford no certain foundation for the inference that the actor is a person of such

character. There are, however, other acts which are of such nature as reasonably to justify an inference that no one not of lewd or dissolute character would do such an act even once. If the evidence shows a single act of the kind last mentioned, the question as to the inference to be drawn therefrom is one for the trial court, and we cannot interfere with its decision. We think the acts of the defendants, taken in conjunction with the circumstances under which they were performed, as shown by the evidence, are of this class.

Judgment is ordered affirmed.

Shaw, J., and Bishop, J., concurred.