219 P.2d 956

## STATE v. CAMPBELL.

No. 7631.

Supreme Court of Idaho.

June 26, 1950.

Rehearing Denied July 11, 1950.

W. A. Johnston, Boise, for appellant.

Robert E. Smylie, Attorney General, Donald A. Purdy, Asst. Attorney General,

James W. Blaine, Pros. Atty., James Bruce, Asst. Pros. Atty., all of Boise, for respondent.

PORTER, Justice.

Appellant was convicted in Ada County of the crime of issuing a check without funds and was sentenced to five years imprisonment. He was duly appealed to this court from the order denying his motion in arrest of judgment, from the order denying the motion for new trial and from the judgment.

On October 13, 1949, appellant entered the C. C. Anderson Company store in Boise shortly before three o'clock in the afternoon. He has introduced to Mrs. Thompson, the credit manager of the store, (presumably by a clerk) and "they" handed to Mrs. Thompson a check drawn by appellant for her approval. Appellant wanted the check approved in order to buy merchandise in the men's department.

The check was a counter check of the Idaho First National Bank of Boise, Idaho.

It had been interlined to read, "The Downtown Branch of First National Bank of Portland, Portland, Oregon"; it was in the sum of $37.43; and was signed by appellant, James R. Campbell. The name of the payee was in blank.

Under questioning by Mrs. Thompson, appellant stated that he had arrived in Boise earlier that day, had checked in at a local hotel, was traveling east and was an entertainer. He stated that he wished to buy a coat or jacket before going further east. Mrs. Thompson offered to telephone, as a favor to appellant, to the bank in Portland to verify the check. Appellant did not want Mrs. Thompson to call the Portland bank, stating that he was in a hurry and was leaving town at three o'clock by bus.

Mrs. Thompson became suspicious and signaled one of her helpers to call the police. Shortly thereafter, James Brandon, Captain of Detectives, arrived at Mrs. Thompson's office. After some conversation with appellant, Mr. Brandon suggested that they go to the police station and telephone the bank in Portland. At the police station, Mr. Brandon called the bank in Portland and asked that its accounts be checked for the name of appellant and that the bank send a reply to the police department at Boise. Appellant was in the office of Mr. Brandon at the time of the telephone conversation with the Portland bank.

Shortly after such telephone call was made, appellant stated to Mr. Brandon that he didn't have an account in the bank in Portland. He had previously told Mr. Brandon at the C. C. Anderson Company store that he did have such an account. About two hours after such telephone call, a telegram was received from the bank in Portland stating, "Records here indicate no account J. R. Campbell."

The evidence on the part of the state consisted of the testimony of Mrs. Thompson and Mr. Brandon and the exhibits No. 1, the check in question, and No. 2, the telegram from the bank. The only evidence offered on behalf of defendant was that of Leo Neher, assistant cashier of the Idaho First National Bank of Boise. He merely testified that the only positive way to find out whether or not a person has an account in a bank is to send his check to the bank, although, as a matter of courtesy, banks sometimes give out such information.

Appellant makes nineteen specifications of error and contends that the verdict is contrary to the evidence in eight particulars. Without discussing each specification of error separately, we will examine the questions raised by appellant under such specifications.

■ Appellant was prosecuted and convicted under the provisions of Section 18-3106, I.C., Section 17-3908, I.C.A., as amended by Chapter 111, Session Laws of 1949.[1] Appellant urges that said section, as amended, is unconstitutional in that it provides no satisfactory standards by which to judge guilt and is uncertain, incomplete and a denial of the right of the individual to have justice administered without sale, denial, delay or prejudice as provided by Article I, Section 18 of the Idaho Constitution. Appellant particularly attacks the use of the phrase "knowing at the time * * * that the maker or drawer has no funds" and the use of the words, "credit," "agreement" and "understanding." In

1. "Any person who for himself or as the agent or representative of another or as an officer of a corporation, wilfully, with intent to defraud shall make or draw or utter or deliver, or cause to be made, drawn, uttered or delivered, any check, draft or order for the payment of money upon any bank or depositary, or person, or firm, or corporation, knowing at the time of such making, drawing, uttering or delivery that the maker or drawer has no funds or insufficient funds in or credit with such bank or depositary, or person, or firm, or corporation, for the payment of such check, draft or order in full upon its presentation, although no express representation is made with reference thereto, shall upon conviction be punished as follows: (Setting out punishment.) As against the maker or drawer thereof, the making, drawing, uttering or delivering of such check, draft or order as aforesaid shall be prima facie evidence of intent to defraud and of knowledge of no funds or insufficient funds, as the case may be, in or credit with such bank, or depositary, or person, or firm, or corporation, for the payment of such check, draft or order in full upon its presentation. The word 'credit' as used herein shall be construed to mean an arrangement or understanding with the bank or depositary for the payment of such check, draft or order."

State v. Dingman, 37 Idaho 253, at page 265, 219 P. 760, at page 764, this court approved the following language: "In creating an offense which was not a crime at common law, a statute must of course be sufficiently certain to show what the Legislature intended to prohibit and punish; otherwise it will be void for uncertainty. Reasonable certainty, in view of the conditions, is all that is required, and a liberal effect is always to be given to the legislative intent when possible * * * A penal statute is sufficiently certain, although it may use general terms, if the offense is so defined as to convey to a person of ordinary understanding an adequate description of the evil intended to be prohibited." See also, Omaechevarria v. Idaho, 246 U.S. 343, 38 S.Ct. 323, 62 L.Ed. 763; State v. Casselman, 69 Idaho 237, 205 P.2d 1131; State v. Mead, 61 Idaho 449, 102 P.2d 915; State v. Cosgrove, 36 Idaho 278, 210 P. 393; State v. Morris, 28 Idaho 599, 155 P. 296, L.R.A.1916D, 573. The statute in question appears to be sufficiently definite and certain in the words used and in so defining the offense of issuing a check without funds as to convey to a person of ordinary understanding an adequate description of the evil intended to be prohibited.

Appellant also urges that the statute, as amended, is unconstitutional because it provides that, as against the maker. the making, drawing, uttering or delivering of the check shall be prima facie evidence of intent to defraud and of knowledge of no funds or credit for the payment of such check in full upon presentation; and, particularly, that the statute provides for a presumption based upon another presumption. The statute in question does not base a presumption upon a presumption but provides for two separate presumptions based upon the fact of the making or uttering of the check without funds or credit for its payment. In People v. Fitzgerald, 14 Cal.App.2d 180, 58 P.2d 718, on page 724, the court approved the following statement of the law: "* * * it is competent for a legislative body to provide by statute or ordinance that proof of certain facts shall be prima facie presumptive evidence of other facts, if there is a natural and rational evidentiary relation between the facts proved and those presumed; such statutes or ordinances are within the well settled power of a legislature to change the rules of evidence and do not infringe upon the rights of the judiciary nor violate the provisions of the federal or state Constitutions." See also, State v. Grimmett, 33 Idaho 203, 193 P. 380; People v. Bullock, 123 Cal.App. 299, 11 P.2d 441. The statute in question appears to fall well within the limits set out in the above rule. We hold that the presumptions contained in the statute do not make it unconstitutional.

Appellant contends that the information in this case is insufficient in that there is no direct allegation therein that

appellant did not have funds or credit with the bank upon which the check was drawn for payment of the same in full upon presentation. The statute states the essential elements of the crime. The information charges substantially in the language of the statute and is therefore sufficient. A parallel information under such statute has been heretofore held by this court to be sufficient. State v. Sedam, 62 Idaho 26, 107 P.2d 1065. See also, People v. Mohr, 157 Cal. 732, 109 P. 476.

■■ Appellant urges that it was necessary for the state to both plead and prove that the check was presented to the bank upon which it was drawn and that the offense is not complete until the check has been presented and payment refused by the bank. In People v. Weir, 30 Cal. 766, 159 P. 442, 443, in discussing a statute similar to our Section 18-3106, I.C., as amended, the court said: "In charging the commission of the felony defined by section 476a of the Penal Code it is not essential to a statement of the facts constituting such offense that the information should allege that the check drawn by the person charged with the offense was presented to the bank. Such in effect was the ruling in the case of People v. Mohr, 157 Cal. 732, 109 P. 476. It follows logically that if such fact was not required to be pleaded against the defendant, it was not necessary to be established against him in order to secure and sustain his conviction."

The fact that a defendant has no funds or credit with the bank upon which the check is drawn, may be established by any competent legal evidence. It is not required to be established by a refusal of the bank to honor the check. The crime condemned in Section 18-3106, I.C., as amended, is complete when the maker, with intent to defraud, makes, utters or delivers the check, knowing that he has no funds or credit with the bank to pay the same if it were presented at that time. The essential elements of the offense condemned by the statute, are set out in People v. Wellington, 85 Cal.App.2d 310, 193 P.2d 30, on page 32, as follows: "As to the essential elements of the offense denounced by section 476a charged in Count I, they are: (1) the intent to defraud, (2) the drawing, (3) of a check, (4) upon a bank, (5) a lack of sufficient funds or credit with the drawee at the time the check is made, and (6) knowledge on the part of the accused of such lack of funds or credit."

See also, People v. Bullock, supra.

■ Neither is it necessary that the check be accepted by the person to whom it is tendered and such person part with something of value. The statute in question is not concerned with the offense of obtaining money or property by false pretense. The making or uttering of the check is sufficient although the payee may reject the check and there be no completed delivery. The completion of the crime

under the statute does not depend upon the success of the enterprise. People v. Williams, 69 Cal.App. 169, 230 P. 667.

The check in question was in blank as to the name of the payee. Appellant therefore contends that it was not a completed check and did not fall within the statute. In People v. Gorham, 9 Cal. App. 341, 99 P. 391, the court decided a similar question contrary to appellant's contention. The gist of the court's decision as contained in Headnote No. 1, reads as follows: "Leaving blank the name of the payee of a check gives to any bona fide holder for value implied authority to fill the blank with his own name or that of a third person, and so, likewise, where all that was required to make a check out of a forged instrument delivered by defendant in payment was the insertion of the name of the payee, the delivery constituted the transferee defendant's agent with authority to fill in the blank with its own name; and a claim that the instrument was not a check or an instrument for the payment of money within the meaning of Pen.Code, § 476, when passed by defendant, is without merit."

A check made payable in blank is payable to bearer and the blank may be filled in by the holder. Enid Bank & Trust Co. v. Yandell, 176 Okl. 550, 56 P.2d 835;

Clark v. Layman, 144 Kan. 711, 62 P.2d 897. Appellant's contention is without merit.

Appellant urges that the information does not charge and the proof does not show the commission of an offense under the provisions of Section 18-3106, I.C., as amended, for the reason that the information charges and the proof shows that the bank upon which the check was drawn is located outside of the State of Idaho. Appellant does not raise the question of venue or of the right of the legislature to make the drawing of a worthless check on a foreign bank a public offense, but takes the position that the term "any bank" in the statute means only a bank located within the State of Idaho.

Appellant relies upon the case of Cousins v. State, 202 Ark. 500, 151 S.W.2d 658, 659, wherein the court held that the term, "any bank," as used in the Arkansas statute relative to the drawing of checks without sufficient funds or credit to pay same, "means, of course, the drawing of a check or draft upon some bank or depository in this state." In Mortensen v. State, 214 Ark. 528, 217 S.W.2d 325, the court distinguishes Cousins v. State, supra, and points out that in such case, the court was considering an over-draft act. Our statute, as amended, is different in language and purpose from the Arkansas statute. It is not an over-draft statute. In the case of In re Kerl, 32 Idaho 737, 188 P. 40, 8

A.L.R. 1259, this court considered the effect of Section 3-301, I.C., providing for the disbarment of an attorney upon "his conviction of a felony or misdemeanor involving moral turpitude." The court held that the scope of the statute, not having been limited by the legislature, included convictions had both in Idaho and other jurisdictions. See also, In re Shepard, 35 Cal.App. 492, 170 P. 442. The term, "any bank" as used in Section 18-3106, I.C., as amended, is general, all inclusive and without limitation. The language of the statute, as amended, is unambiguous and the intention of the legislature to include any bank whether located within or without the state, seems clear and must be given effect. State v. Prince, 64 Idaho 343, 132 P.2d 146.

 Appellant complains that the court erred in admitting the telephone conversation had by the Chief of Detectives with some person or persons in the bank at Portland. An examination of this testimony discloses that the Chief of Detectives only testified to what he said over the telephone and testified as to nothing said by the employees of the bank in Portland. The appellant was present when the conversation occurred. The testimony was not hearsay and not objectionable upon that ground.

 Appellant alleges error in admission of the testimony of the Chief of Detectives that appellant shortly after the telephone conversation, "said that he didn't have an account in the bank in Portland," on the ground that the state did not first show that such statement was free and voluntary. Such statement was not a formal confession but was an admission against . interest. It was not necessary, before such testimony was admissible, for the state to show that the statement was free and voluntary and made without fear, intimidation or promise of benefit. State v. McDermott, 52 Idaho 602, 17 P.2d 343; State v. Wilson, 51 Idaho 659, 9 P.2d 497; State v. Garney, 45 Idaho 768, 265 P. 668; People v. Hamby, 55 Cal.App. 37, 202 P. 907.

 Appellant complains of the admission of the telegram from the bank in evidence on the ground that such telegram was hearsay. We agree that such telegram was not admissible in evidence. It was hearsay. However, an examination of the exhibit discloses that it merely corroborates appellant's admission that he had no account in the bank in Portland. It did not prejudice the rights of appellant and its admission was not such error as to justify reversal.

 Appellant rightfully submits that the proof must show both that the appellant had no funds, or insufficient funds, in the bank in order to pay the check upon presentment, and also, that he had no

credit, or insufficient credit, with the bank for payment of the check. The trial court, rightfully, so instructed the jury. Appellant argues, however, that the mere admission by appellant that he had no account with the bank is insufficient proof that he had no credit with the bank. It is true that the appellant used the term "no account" and did not say that he had no funds nor credit with the bank. However, the jury was entitled to consider all the circumstances of the case as shown by the evidence in determining whether or not the appellant had any funds in or credit with the bank for payment of the check. The chain of circumstances as disclosed by the evidence in this case and appellant's admission that he had no account in the bank, were sufficient to justify the jury's finding that appellant had neither funds nor credit for the payment of the check. Such was the conclusion reached by the California Court under a comparable chain of circumstances in the case of People v. Hamby, supra.

We have considered the other claims of error urged by appellant and find them without merit. They do not appear to be of sufficient import to require enumeration and discussion.

No reversible error appearing in the record, the judgment of the lower court is affirmed.

HOLDEN, C. J., and GIVENS, TAYLOR and KEETON, JJ., concur.