John M. Friedman,
Police Justice. Defendant is charged by his wife with violation of section 1292-a of the Penal Law in sending her a check for $45 on October 4 or 5, 1965, for support pursuant to court order, when he had insufficient funds in the drawee bank to cover the check. The statute provides in pertinent part that one ‘ ‘ who, with intent to defraud, shall make or draw or utter or deliver any check * * * knowing at the time * * * that the maker or drawer has not sufficient funds in * * [the] bank * * * shall be guilty of a misdemeanor; * * * In any prosecution under this section * * * y^e making, drawing, uttering or delivering of a check, draft or order, payment of which is refused by the drawee because of lack of funds or credit, shall be prima facie evidence of intent to defraud and of knowledge of insufficient funds in or credit with such bank ’ ’.
The People proved that defendant drew a check to the order of the complainant for $45, dated October 2, 1965, which he mailed in New York City to complainant in Scarsdale on October 4 or 5, 1965, which she received in Scarsdale and deposited in her bank there, and which was returned by the drawee bank for insufficient funds. At no time between October 2, 1965 and the time the check was returned were there sufficient funds in the bank to cover it.
While defendant testified that he meant to deposit sufficient funds to cover the check after he sent it, in accordance with his practice in maintaining his checking account, I do not believe he had such intent; at most, it was a hope to be able to do so. And even if he had it, such an intent would not be a defense to the charge; knowledge of whether or not the bank balance was sufficient to cover the check provides the test.
I find, accordingly, that defendant has failed to overcome the prima facie effect given to his acts by the statute and that his guilt has been proved beyond a reasonable doubt.
A substantial question of venue remains. This court has jurisdiction over offenses committed in Westchester County, but not elsewhere. Defendant made the check in New York City, which is outside of Westchester. He mailed it in New York City, but it was received by complainant in Westchester. Where, then, did he “ deliver ” it?
What the statute means by the word “ deliver ” seems not to have been decided in New York, or elsewhere with respect to similar statutes. Where delivery is significant for other pur *845 poses, the word has been variously defined with respect to mailing, it being held sometimes that delivery is complete upon mailing, at other times that it is not complete until receipt by the addressee. (See 11 Words and Phrases [Perm, ed.], “ Delivery by mail, etc.”, p. 672.)
It is my opinion that the “ delivery ” of a check provided for in section 1292-a of the Penal Law means something more than the “ making ”, drawing ” or “ uttering ” of a check; otherwise there would be no need to mention delivery. That something more must involve receipt of the check by the payee. In State v. Campbell (70 Idaho 408), where there is involved a statute similar to section 1292-a of the Penal Law, the court interprets the word to mean a ‘ ‘ completed delivery ’ ’, meaning receipt by the payee of the check, and concludes that the statute is violated by making or uttering a bad check, whether or not it is so delivered.
Significant here is section 134 of the Code of Criminal Procedure, providing that ‘ ‘ When a crime is committed, partly in one county and partly in another, or the acts or effects thereof, constituting, or requisite to the consummation of the offense, occur in two or more counties, the jurisdiction is in either county. ’ ’
Under this section, and with respect to other crimes accomplished through mailing a letter it has been held that prosecution may be conducted either in the county of mailing or in the county of receipt. (See People v. Levy, 123 Misc. 845 [conspiracy to defraud] and cases cited therein; People v. Griffin, 2 Barb. 427 [attempt to rob].)
Accordingly I conclude that the crime of delivery of a bad check under section 1292-d of the Penal Law, when the check is mailed, is committed in both the place of mailing and the place of receipt of the mail. The venue here is properly in this court, and the defendant is found guilty of the charge.