**STATE of Missouri, Respondent,**

v.

**James ATHANS, Appellant.**

**No. 57200.**

Supreme Court of Missouri, Division No. 1.

Feb. 12, 1973.

John C. Danforth, Atty. Gen., Richard S. Paden, Asst. Atty. Gen., Jefferson City, for respondent.

Arthur M. O'Keefe, Moberly, for appellant.

WELBORN, Commissioner.

Appeal, filed prior to January 1, 1972, from judgment and sentence of one-year imprisonment and $500 fine, entered upon jury verdict of guilt on charge of uttering and delivering an insufficient funds check. Section 561.460, RSMo 1969, V.A.M.S.

The only question raised on this appeal is whether or not venue was properly in Randolph County.

James Athans, doing business from an office in Kansas City, Missouri, under the name of A. J. Joyce Company, employed W. L. Wisdom of Moberly, Randolph County, Missouri, to install restaurant fixtures in a restaurant A. J. Joyce Company was constructing in Moberly. Wisdom completed the work in July, 1969 and submitted his bill to Athans for $2,596.49. On September 23, 1969, Athans prepared a check for that amount, payable to Wisdom, drawn on the Merchants-Produce Bank of Kansas City. Because his account did not then have a balance in that amount, Athans held the check until sometime in October, when, according to Athans, he had arrived at an agreement whereby the bank would advance him credit in the amount of $10,000. Athans placed the check in the mail in Kansas City, addressed to Wisdom in Moberly. Wisdom received the check on October 29, 1969,

and deposited it on that date in the City Bank & Trust Company of Moberly. The check was returned to Wisdom by that bank because it had not been honored. At no time in either September or October, 1969 did Athans have a balance in the Merchants-Produce Bank account sufficient to cover the check to Wisdom.

Section 541.033, RSMo 1969, V.A.M.S., provides:

"Persons accused of committing offenses against the laws of this state, except as may be otherwise provided by law, shall be prosecuted:

"(1) In the county in which the offense is committed; or

"(2) If the offense is committed partly in one county and partly in another, or if the elements of the crime occur in more than one county, then in any of the counties where any element of the offense occurred."

Subparagraph (2) of this section is comparatively new, having been enacted in 1965. Laws of Mo., 1965, p. 661. It has not previously been applied by the courts of this state in a case such as this. However, in other jurisdictions, under similar, but not identical, venue statutes, the courts have held that when an insufficient funds check is drawn in one county and then by the maker placed in the mail, through which it is delivered to the payee in another county, venue for the offense of issuing the check with insufficient funds lies in either of such counties. Ex parte Myers, 119 Kan. 270, 237 P. 1026 (overruled on another issue in State v. Breitenbach, 190 Kan. 189, 373 P.2d 601, 603–604); State v. Beam, 175 Kan. 814, 267 P.2d 509, 511 [1]; People v. Parker, 51 Misc.2d 843, 274 N. Y.S.2d 38, 41 [5, 6]; People v. Megladdery, 40 Cal.App.2d 643, 105 P.2d 385, 390 [9].

The courts in Ex parte Myers and in State v. Parker, supra, concluded that delivery of the check, charged as an element of the offense in this case, occurred in the county where the instrument was delivered through the mail to the payee. A different result was reached in People v. Larue, 28 Cal.App.2d 748, 83 P.2d 725, relied upon by appellant. Without reference to the California multiple jurisdiction venue statute (§ 781, Cal. Penal Code), the court held that delivery of an insufficient funds check occurred upon its deposit by the maker in the mails and that venue for the offense of issuing an insufficient funds check was in the county where the mailing occurred, rather than that in which the check was delivered by mail to the payee. In reaching a contrary conclusion in People v. Megladdery, supra, under the multiple jurisdiction venue statute, the court made no reference to the Larue decision.

As a legal concept, the term "delivery" does have various connotations and "delivery" may be accomplished by various means for various purposes. However, in common understanding, an instrument deposited in the mails is not delivered until it is received by the addressee. The conclusion reached in Ex parte Myers, supra, to this effect, accords with the generally accepted, as distinguished from the legalistic, view of delivery. By § 1.090, RSMo 1969, V.A.M.S., "Words and phrases (of statutes) shall be taken in their plain or ordinary and usual sense, but technical words and phrases having a peculiar and appropriate meaning in law shall be understood according to their technical import." For the purpose of § 561.460, RSMo 1969, V. A.M.S., the word "delivery" does not appear to have an appropriate technical meaning and, therefore, the ordinary and usual sense of the word is applicable. Under such ordinary and usual sense in this case, delivery occurred in Randolph County, delivery was charged as an element of the offense (State v. Hook, Mo.App., 433 S.W.2d 41, 46 [7]) and, therefore, venue did lie in Randolph County under § 541.-033, supra.

Judgment affirmed.

HIGGINS, C., concurs.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the court.

All of the Judges concur.