[No. 20072.   Department One. — November 26, 1885.]

THE PEOPLE, RESPONDENT, *v.* JOSHUA HAMBLIN, APPELLANT.

CRIMINAL LAW — EVIDENCE — FORMER ARREST — IMPEACHING WITNESS. — On a trial for murder, where the defendant has been called as a witness on his own behalf, a question as to whether or not he has been previously arrested for shooting at certain individuals cannot be allowed on cross-examination for the purpose of impeaching him under section 2051 of the Code of Civil Procedure; nor can he be asked as to his knowledge of the unlawful character of the business carried on at a house where he was employed as door-keeper, and frequented by the deceased.

ID. — MURDER — DEGREES — MALICE — INSTRUCTION. — An instruction to the effect that when the killing is shown to be without extenuating circumstances malice is presumed, and that when malice is thus shown, if the evidence clearly discloses deliberation or premeditation in the act of killing, or the existence of an intention to kill while giving the fatal blow, the killing constitutes murder in the first and not in the second degree, *held*, proper.

| | |
|---|---|
| 68 | 101 |
| 79 | 673 |
| 79 | 696 |
| 68 | 101 |
| 81 | 105 |
| 68 | 101 |
| 96 | 180 |
| 68 | 101 |
| 106 | 88 |
| 68 | 101 |
| 124 | 657 |
| 125 | 135 |
| 68 | 101 |
| 133 | 20 |
| 68 | 101 |
| 134 | 205 |
| 68 | 101 |
| 142 | 295 |

Appeal from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion.

*Robert Ferral, E. S. Pillsbury,* and *Maurice Gradwohl,* for Appellant.

*J. M. Lesser,* and *William Fitzmaurice,* for Respondent.

Foote, C.—The defendant in this case was convicted of murder in the first degree, he moved for a new trial, the motion was denied, and from the judgment of conviction and the order denying a new trial he appeals.

The defendant was called as a witness on his own behalf. Upon cross-examination the district attorney asked the following questions:—

"Q.—I propose to ask you this question, sir. On the night or evening of the 24th of October, 1881, were you arrested on Third Street or Kearny Street, in this city, for shooting at a man by the name of James Sanderson, and whether or not you were imprisoned under said arrest in this building?"

"Q.—Were you imprisoned in the city prison here? Were you brought to the city prison, and imprisoned in the city prison at that time?"

"Q.—On the twenty-seventh day of December, 1872, in the city of Stockton, in this state, were you arrested and imprisoned for shooting at a man by the name of Bell, who was fireman on the locomotive on the pay-car of the Central Pacific Railroad?"

"Q.—Were you arrested on the night of the twenty-seventh day of December, 1872, at the city of Stockton, for firing at any man, and imprisoned for firing at any man up there?"

The witness was compelled to answer each of these questions, against his exceptions, as defendant.

In a case of recent occurrence in this state, where similar questions were put to a witness, this court said:—

"The only possible object of asking the questions was to impeach the credibility of the witness. ˙ But the testimony was not admissible for that purpose. The mere fact that the witness had been arrested does not prove nor tend to prove that he had been convicted of any offense; and until there is proof of conviction the witness was protected by the legal presumption of innocence. Hence the rule formulated by section 2051, Code of Civil Procedure:—

"A witness may be impeached by the party against whom he was called by contradictory evidence that his general reputation for truth, honesty, and integrity is bad, but not by evidence of particular wrongful acts, except that it may be shown by˙the examination of the witness or record of the judgment that he has been *convicted* of a felony." (*People* v. *Elster,* 3 W. C. R. 37, and cases there cited.)

In the case at bar, there was no effort whatever made to show that the defendant, the witness, had ever been convicted of a felony; the object of the questions seems to have been to make evident that on divers occasions he had been arrested for shooting at individuals. There the effort to discredit him stopped. The effect of this may have been to create a prejudice in the minds of the jury, against the defendant, as a man ready with a pistol to shoot at those who had incurred his displeasure. Hence, to allow the questions to be asked, and to compel their answer, was error, prejudicial to the defendant.

This further question, on cross-examination, was asked the defendant:—

"Q.—I suppose, Mr. Hamblin, that you knew it was an unlawful business, while you were employed there as door-keeper."

It was objected to, but the objection was overruled, and the witness required to answer.

The witness had previously testified to his being employed as door-keeper at a place on Kearny Street, in San Francisco, that was frequented by the deceased. It was legitimate, for the purpose of showing the terms of intimacy, or the contrary, of the defendant and deceased, by proper questions to locate the defendant. But in that connection it was improper to interrogate him, and force an answer which might show him to be a man engaged as door-keeper of a gambling-house, which was an unlawful employment, with a guilty knowledge of its nature. And the minds of the jury might thereby have been prejudiced against him, as a willful violator of law.

As we understand the part of the charge of the court complained of, it announced the proposition, taken in connection with the other portions thereof as given, that when the killing is shown to be without extenuating circumstances, malice is presumed; that when this malice is thus shown, if the evidence clearly discloses deliberation or premeditation in the act of killing, or the existence of an intention to kill while giving the fatal blow, that such a killing is murder in the first and not in the second degree. This is the law as stated in *People* v. *Doyell*, 48 Cal. 93–97, where the case of *People* v. *Long*, 39 Cal. 694, is explained.

And the court does not, therefore, appear in the whole charge as given to have committed error.

For the reasons stated, the judgment of conviction and order denying a new trial should be reversed, and the case remanded for a new trial.

BELCHER, C. C., and SEARLS, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, judgment and order reversed, and cause remanded for a new trial.