[Crim. No. 468.   Department One.—January 20, 1899.]

THE PEOPLE, Respondent, v. A. ARLINGTON, Appellant.

CRIMINAL LAW—MAKING AND UTTERING FICTITIOUS ORDER—INDICTMENT.—An indictment charging a defendant with making and uttering a fictitious order for the payment of money which alleges that the order was uttered to a person named with intent to defraud a carriage company named, need not allege that such person was connected with the carriage company, but such fact can be proved, if necessary, under the allegations made, and such allegations fully satisfy the requirements of the statute.

ID.—INADMISSIBLE EVIDENCE—ASSUMED NAMES—DRUNKENNESS.—Evidence for the prosecution in chief that the defendant, prior to the making and passing of the order, had gone under assumed names, and had been arrested for drunkenness, is inadmissible, and its admission is prejudicially erroneous.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from orders denying a new trial and denying a motion in arrest of judgment. William T. Wallace, Judge.

The facts are stated in the opinion of the court.

George B. Keane, and A. S. Newburgh, for Appellant.

William F. Fitzgerald, Attorney General, and C. N. Post, Deputy Attorney General, for Respondent.

GAROUTTE, J.—Defendant has been convicted of making and uttering a fictitious order for the payment of money. Objection is now made for the first time to the sufficiency of the allegations of the indictment. The pleading appears to have been drawn with great care, and we find no substantial objection to it. The indictment charges the order to have been uttered to Charles Johnson with intent to defraud the United Carriage Company. It is now claimed that there should be some showing by the pleading that Johnson was in some way connected with this carriage company. We see no reason why such a showing could not be made by the evidence if it were necessary. But the statute says if the defendant utters the writing with intent to defraud any person he is guilty of the crime, and it would seem that the allegations of the indictment fully satisfy the requirements of the statutes.

Under objection, the court admitted the evidence of a detective and a policeman, to the effect that the defendant, upon occasions prior to the making and the passing of the order here involved, had gone under assumed names and had been arrested for drunkenness. We know of no law justifying the admission of this evidence and the attorney general has failed to call our attention to any legal principle justifying it. Its admission is violative of elementary principles. The attorney general says in his brief: "This testimony was admissible as tending to prove intent, system, scienter, guilty knowledge." We fail to see how this testimony tends to do any of these things. It is hardly necessary to point out how the admission of this evidence was prejudicial to defendant's case. Going under assumed names and being arrested for drunkenness are matters not conducive to a good character for defendant. And it is expressly held in *People v. Denby,* 108 Cal. 56, that the admission of this kind of evidence is not only error, but is reversible error. It is claimed by the attorney general that the case of *People v. Meyer,* 75 Cal. 383, is opposed to the Denby case. We fail to find any inconsistency in the principles declared in the two decisions. In the Meyer case the court held that upon cross-examination the defendant might be

asked if he had ever been convicted of a felony. The decision went no further, and is fully supported by *People v. Chin Mook Sow*, 51 Cal. 597. The decision in that case is directly placed upon the authority of section 2051 of the Code of Civil Procedure. It may be further suggested that all these cases arose upon the question as to the proper limit of the cross-examination of a defendant. In this case the evidence was directly offered in chief. When a person is accused of crime and placed upon trial he cannot be required to defend himself against anything but the specific charge. He cannot be compelled under the rules of law to maintain the honesty and integrity of his entire life.

A witness (Evatt) also testified that upon a previous occasion the defendant made different statements as to his name. The witness says: "One name he gave me was Allison. He said he was of the firm of Allison & Gray—wrote out a check to that effect." This evidence is objectionable for the reasons already given. Under certain circumstances in cases of forgery other forgeries may be proven against a defendant. Our reports contain many cases where the principle has been recognized and applied, but the evidence quoted falls far below the mark as coming within the rule there declared.

Some complaint is made of the instructions of the judge. In view of the fact that many of these instructions probably will not be given upon a second trial, we refrain from an examination of them in detail.

Judgment and order reversed and cause remanded for a new trial.

Harrison, J., and Van Dyke, J., concurred