[Crim. No. 20271. Feb. 24, 1978.]

THE PEOPLE, Plaintiff and Respondent, v.
JAMES ANDERSON et al., Defendants and Appellants.

648

■■■■■■■■■■■■

■■■■■■■■■■■■

**COUNSEL**

Philip S. Kaufman and David Ashley Smyth, under appointments by the Supreme Court, for Defendants and Appellants.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Norman H. Sokolow and William V. Ballough, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**RICHARDSON, J.**—Defendants James Anderson and Dennis Davis have appealed from convictions of voluntary manslaughter (Pen. Code, § 192), with findings that each defendant was armed with a deadly weapon (*id.,* § 12022). Among other contentions, defendants assert that the trial court committed reversible error in permitting the prosecution to introduce evidence that, on two prior occasions, they had been arrested together on unspecified charges. In light of the likelihood of prejudice to defendants by reason of the introduction of such evidence, we conclude that the trial court erred in admitting the evidence, and will reverse the judgment.

On August 12, 1975, defendants became engaged in a fight with Joe Watson and Allen Holinsworth. During the struggle, Watson was cut and Holinsworth was fatally stabbed in the heart. Defendants were each charged with murder while armed with a deadly weapon (Pen. Code, §§ 187, 12022) and with assault with a deadly weapon (*id.,* § 245, subd. (a)). Following a jury trial, defendants were found not guilty of the assault on Watson, but guilty of voluntary manslaughter, a lesser and necessarily

included offense to murder; the jury further found that both defendants were armed with a deadly weapon when the offense occurred.

At trial, the testimony (by victim Watson, several eyewitnesses, and defendants themselves) was conflicting. Prosecution witnesses indicated that during the fight defendant Anderson seized a knife from Watson and gave it to defendant Davis, who used it to stab Holinsworth and cut Watson. Evidence that Anderson had handed Davis a knife was disputed by defense testimony to the effect that Davis, in self-defense, managed to wrest the knife from Holinsworth, who accidentally fell on it.

During cross-examination of defendant Anderson, and over defendants' objection, the prosecutor was permitted to elicit the information that Anderson twice had been arrested with defendant Davis on other unspecified charges. The prosecutor's theory of relevancy was that the evidence of prior "joint" arrests established a "close affinity" between the codefendants, a fact which, it was contended, bore on their credibility by implying a bias or prejudice. Concluding that the probative value of the evidence outweighed its prejudicial effect (Evid. Code, § 352), the trial court overruled defendants' objection and in doing so it abused its discretion.

██ ██ By statute, evidence of prior specific acts of misconduct is ordinarily inadmissible either to prove conduct on a specific occasion or to attack a witness' credibility. (*Id.,* §§ 787, 1101, subd. (a); see § 788 [exception for prior felony convictions].) More specifically, it has long been held that evidence of an accused's prior arrests is inadmissible. (*People* v. *Arlington* (1899) 123 Cal. 356, 357 [55 P. 1003]; *People* v. *Hamblin* (1885) 68 Cal. 101, 103 [8 P. 687]; *People* v. *Guiterrez* (1957) 152 Cal.App.2d 115, 120 [312 P.2d 291]; see *Grudt* v. *City of Los Angeles* (1970) 2 Cal.3d 575, 590-592 [86 Cal.Rptr. 465, 468 P.2d 825] [improper impeachment of witness]; *People* v. *Blalock* (1965) 238 Cal.App.2d 209, 224 [47 Cal.Rptr. 604] [same]; *People* v. *Duvernay* (1941) 43 Cal.App.2d 823, 827 [111 P.2d 659] [same].)

Doubtless, the People are correct in contending that evidence of prior arrests might in a general sense be relevant as demonstrating bias or interest because of the "close affinity" between the codefendants (see *People* v. *Green* (1962) 208 Cal.App.2d 410, 415 [25 Cal.Rptr. 398]; cf. *People* v. *Buzzell* (1940) 15 Cal.2d 654, 661 [104 P.2d 503]). The prosecution, however, had already established, through Anderson's

testimony, that he was a "good friend" of Davis, having known him socially for five years. Thus the evidence was cumulative.

More importantly, prior cases have recognized the extreme danger of prejudice from introduction of evidence of previous arrest. As we noted in *Grudt, supra,* a witness' credibility in the eyes of the jury would be seriously impaired by evidence of prior criminal arrests, because of the "bad character" inevitably suggested thereby. (2 Cal.3d at p. 592; see also *People* v. *Arlington, supra,* 123 Cal. at p. 357 [being arrested is "not conducive to a good character for defendant"]; *People* v. *Hamblin, supra,* 68 Cal. at p. 103.) Ordinarily, we defer to the broad discretion vested in the trial courts to weigh the probative value of evidence against its likely prejudicial effect. Here the evidence shows only "arrests." Even when the evidence establishes defendant's commission of other crimes, however, we have counselled caution. Within this context, we have said that evidence which is relevant and probative, on the one hand, but contains within itself a substantial degree of prejudice should be received with "extreme caution," its admissibility "examined with care," and in the event of uncertainty as to its connection with the offense charged "the doubt should be resolved in favor of the accused." (*People* v. *Thomas* (1978) *ante,* pp. 457, 466-467 [143 Cal.Rptr. 215, 573 P.2d 453]; *People* v. *Kelley* (1967) 66 Cal.2d 232, 239 [57 Cal.Rptr. 363, 424 P.2d 947].)

■ In this case, the admission of the evidence of the codefendants' prior arrests must be deemed prejudicial error, given the fact that the record reveals a close and difficult credibility determination for the jury which had to weigh divergent and conflicting factual recitations describing the fight. The jury took several days of deliberation to reach its verdict. But for admission of the prior arrests, it is reasonably probable that the jury would have believed defendants' version of the events and rendered a more favorable verdict. (See *People* v. *Wagner* (1975) 13 Cal.3d 612, 620-621 [119 Cal.Rptr. 457, 532 P.2d 105] [prosecutor's misconduct in implicating defendant in prior criminal acts]; *People* v. *Watson* (1956) 46 Cal.2d 818, 836 [299 P.2d 243].)

■ The People suggest that any prejudicial error would have been rendered harmless had defendants agreed to an admonition which was prepared by the trial court for delivery to the jury at the close of trial. The proposed instruction would have directed the jury to consider the evidence of defendants' prior arrests only for the purpose of determining their credibility. Such an admonition, however, could not have corrected the error resulting from the admission of the previous arrest testimony

and would have directly contravened Evidence Code section 787, which declares that evidence of specific instances of misconduct is inadmissible "to attack . . . the credibility of a witness."

In the light of our disposition of the case, it is unnecessary to consider other contentions raised by defendants, as these matters are unlikely to arise on retrial.

The judgment is reversed.

Bird, C. J., Tobriner, J., Mosk, J., Clark, J., Manuel, J., and Newman, J., concurred.