Filed 11/26/14  P. v. Allen CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G050248 |
| v. | (Super. Ct. No. RIF1103284) |
| CLARENCE CLEVELAND ALLEN, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Riverside County, Michael B. Donner, Judge.  Affirmed.

Law Office of Zulu Ali, Zulu Ali and Maleha Khan-Avila for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland and Eric A. Swenson, Assistant Attorneys General, Jennifer B. Truong, Deputy Attorney General, for Plaintiff and Respondent.

\*          \*          \*

A jury convicted defendant Clarence Cleveland Allen of felony receiving stolen property (Pen. Code, § 496, subd. (a); all statutory references are to the Penal Code unless noted). Allen contends the trial court abused its discretion in allowing the prosecutor to introduce evidence of Allen's parole status, the prosecutor committed misconduct during closing argument, and the trial court erred by failing to instruct sua sponte on misdemeanor receiving stolen property as a lesser included offense. For the reasons expressed below, we affirm.

I

FACTUAL AND PROCEDURAL BACKGROUND

On June 27, 2011, Ashley Stanley's purse was stolen outside of a restaurant in San Bernardino. Stanley's purse contained her wallet, California identification card, Social Security card, bank card, and other personal items. The following day, Riverside County Deputy Sheriff Santos Cortez while on patrol approached Allen and three companions on a public street. Cortez searched Allen's right front pants pocket and found Stanley's identification card, Social Security card, debit card, and bank card.

Following trial in January 2013, the jury found Allen guilty as noted above. Allen admitted he had suffered a prior strike (§ 667, subds. (c) & (e)(1)) and served a prior prison term (§ 667.5, subd. (b)). The trial court sentenced Allen to an aggregate five-year prison term.

II

DISCUSSION

A. *The Trial Court Did Not Abuse Its Discretion By Admitting Evidence Allen Was on Parole*

The court granted Allen's pretrial motion to exclude evidence he was on

2

parole when Cortez searched him.[1]  Cortez testified on direct examination during the prosecution's case-in-chief he conducted a lawful search and found Stanley's stolen property in Allen's pants pocket.  On cross-examination, the following exchange occurred:  "[DEFENSE COUNSEL]: And during this search, you found a driver's license, Visa card, Chase card, and Social Security card in his right front pocket; correct? [DEPUTY CORTEZ]: Yes.  [DEFENSE COUNSEL]: He cooperated – he didn't resist your contact at that point? [DEPUTY CORTEZ]: No, sir. [DEFENSE COUNSEL]: He cooperated with you at that point?"

Before Cortez could answer, the prosecutor requested a side bar conference. The prosecutor argued defense counsel's question was misleading because it elicited testimony implying Allen freely cooperated with the search because he had nothing to hide.  Allen, however, was required to submit to the search because he was on parole. The prosecutor noted Allen based his defense on a claim he did not know the items he possessed were stolen, and argued counsel's question was designed to bolster that claim. The prosecutor therefore asked the court to allow him to briefly clarify that Allen was on parole and required to submit to the search because of his parole status.  Defense counsel replied his question was not related to the lawfulness of Cortez's search or Allen's parole status.  When the court asked defense counsel the purpose of his question, defense counsel responded, "because if he's – if he has, in fact, stolen the property – if this was stolen property, why would he cooperate?"  The court found defense counsel's question and stated reason for it opened the door to allow evidence regarding Allen's parole status at the time of the search.  The court found the evidence was more probative than

---

[1]    Allen contends the parties stipulated to exclude reference to his parole status, but his record citations do not show the stipulation, nor have we found it in our comprehensive review of the record.  But the record circumstantially supports the existence of a stipulation, or at least a ruling by the court to exclude the evidence, because the trial court agreed to allow brief questioning on the topic only after defense counsel broached the subject of Allen's cooperation during the cross-examination of Cortez.

prejudicial under Evidence Code section 352, and advised the parties it would allow the prosecutor to ask Cortez whether Allen was on parole when searched, and whether a parolee is required to submit to law enforcement searches.

On redirect examination of Cortez, the prosecutor asked the following questions: "[PROSECUTOR]: Deputy Cortez, [defense counsel] was asking you about the defendant being cooperative. You remember that? [DEPUTY CORTEZ]: Yes. [PROSECUTOR]: Now, in fact, was the defendant on parole when you searched him? [DEPUTY CORTEZ]: Yes. [PROSECUTOR]: An individual who is on parole, are they required to submit to searches of their person by law enforcement? [DEPUTY CORTEZ]: Yes."

Allen contends the trial court abused its discretion in allowing these questions. He also complains evidence of his parole status was obtained from an illegal interrogation rendering it inadmissible at trial.

Evidence of a defendant's parole status informs the jury the defendant has a prior criminal history and is generally inadmissible. (Evid. Code, § 1101, subd. (a); *People v. Anderson* (1978) 20 Cal.3d 647, 651 [elicitation of a defendant's criminal history prejudicial]; see *U.S. v. Hines* (4th Cir. 1991) 943 F.2d 348, 353 ["revelations of the defendant's parole status might provoke a mistrial because it would inform the jury that the defendant had a prior criminal history"].)

Evidence Code section 1101, subsection (b), allows evidence of other acts, including crimes, where the evidence is admissible for a relevant noncharacter purpose (for example, motive, opportunity, intent, preparation, plan, knowledge). We review the court's decision to admit evidence for abuse of discretion. (*People v. Hovarter* (2008) 44 Cal.4th 983, 1007-1008.) A trial court does not abuse its discretion unless its decision was irrational or arbitrary. (*People v. Carmony* (2004) 33 Cal.4th 367, 377.)

Here, defense counsel raised the issue of Allen's innocent possession by eliciting from Cortez that Allen freely cooperated with the search. This suggested he had

4

nothing to hide, which bolstered Allen's claim he did not know the property he held was stolen. Because defense counsel elicited testimony regarding the circumstances of the search to negate the inference Allen knowingly possessed stolen property, the trial court did not abuse its discretion in allowing the prosecutor to rebut this inference by introducing evidence Allen was *required* to submit to Cortez's search because he was on parole. (See *People v. Redmond* (1981) 29 Cal.3d 904, 911 [allowing the prosecutor to rebut defense evidence elicited negating defendant's consciousness of guilt because defense counsel opened the door].) The court did not abuse its discretion in concluding the probative value of the evidence was not substantially outweighed by its prejudicial effect. (*People v. Tran* (2011) 51 Cal.4th 1040, 1047.) The trial court limited the prosecutor to elicit Allen's parole status in two narrow questions, which enabled the jury to infer other reasons for Allen's cooperation. The prosecutor did not mention Allen's parole status during closing argument.

Allen also argues the trial court should not have admitted his parole status into evidence because it was the product of an illegal custodial interrogation. Before trial, the court excluded statements Allen made at the time of arrest because the officer failed to advise him of his rights before questioning him while Allen was in custody. (*Miranda* v. *Arizona* (1966) 384 U.S. 436.) Allen's argument fails, however, because the trial court did not admit Allen's un-*Mirandized* statements. It simply permitted Cortez to testify Allen was on parole and required to submit to a search. We perceive no violation of *Miranda*.

B. *The Prosecutor Did Not Commit Misconduct During Closing Argument By Commenting on Allen's Failure to Testify*

During closing argument, the prosecutor made the following comments: "[R]arely are questions of mental state . . . susceptible to direct evidence . . . . When you're thinking about whether or not the defendant knew the property was stolen, use

5

your common sense . . . . [D]id he know the property was stolen . . . . we can't read his mind. So you have to look at the surrounding circumstances that we've been discussing . . . . Less than 24 hours later Clarence Allen had in his right front pants pocket Miss Stanley's Social Security card, bank card, all of her account information, and her driver's license. That is not [a] coincidence. He knew it was stolen. What person on earth wouldn't? That's the first thing you think of. There's no way to know the mental state of an individual unless they tell you. And we know that in everyday life. You have to infer those things. You have to look at everything. And use your common sense . . . Are you going to say that based on all of these facts, no, he really didn't know they were stolen. That defies logic, it defies reason, and it certainly defies common sense." Defense counsel did not object to any of the prosecutor's statements during closing argument.

Allen contends the prosecutor committed prejudicial error under *Griffin v. California* (1965) 380 U.S. 609 (*Griffin*) when he stated, "There's no way to know the mental state of an individual unless they tell you." "'To preserve for appeal a claim of prosecutorial misconduct, the defense must make a timely objection at trial and request an admonition; otherwise, the point is reviewable only if an admonition would not have cured the harm caused by the misconduct.'" (*People v. Bradford* (1997) 15 Cal.4th 1229, 1333.) Here, defense counsel failed to timely object to the prosecutor's statement at trial. Nor did Allen's claim of prosecutorial misconduct in his motion for a new trial preserve the issue for appellate review. (*People v. Williams* (1997) 16 Cal.4th 153, 254 [raising an objection in a new trial motion on grounds of prosecutorial misconduct does not excuse the failure to object at trial].) Allen also failed to rebut the assumption that a timely admonition would have cured the harm caused by the alleged misconduct. Allen's failure to object and ask for an admonition forfeited the claim.

Assuming Allen had preserved the issue, we discern no misconduct. Under *Griffin*, a prosecutor may not comment on a defendant's failure to testify because this invites the jury to infer guilt based on the defendant's silence. Not every comment

6

regarding a defendant's failure to testify implicates *Griffin*, however. (*People v. Bradford*, *supra*, 15 Cal.4th at p. 1339 [prosecutor may comment on the state of the evidence or on the failure of the defense to introduce material evidence or to call anticipated witnesses].) Counsel's arguments must be judged in the context in which they were made. (See *Boyde v. California* (1990) 494 U.S. 370, 385.) In interpreting a prosecutor's remarks to the jury, "a court should not lightly infer that a prosecutor intends an ambiguous remark to have its most damaging meaning or that a jury, sitting through lengthy exhortation, will draw that meaning from the plethora of less damaging interpretations." (*Boyde*, *supra*, 494 U.S. at p. 385, quoting *Donnelly v. DeChristoforo* (1974) 416 U.S. 637, 647.)

Here, given the context of the prosecutor's closing argument, the prosecutor explained it was necessary to rely on circumstantial evidence to divine a person's mental state. The prosecutor spoke generally and did not suggest the jury should infer Allen knew the property was stolen because he did not testify. The prosecutor urged the jury to look at the evidence Allen possessed Stanley's identification and other property to show circumstantially Allen knew the property was stolen.

Moreover, any conceivable error was harmless beyond a reasonable doubt. (*Chapman v. California* (1967) 386 U.S. 18, 20-24.) The prosecutor's vague and indirect reference to the difficulty in identifying a person's mental state unless that person reveals it does not require overturning the judgment. Ample evidence demonstrated Allen's guilt. Allen was found in possession of Stanley's identification card, Social Security card, bank card, and bank card with her account information a day after the theft. There was no evidence Allen knew Stanley, or that he had a legitimate reason to possess these items. The trial court instructed the jurors a defendant has a constitutional right not to testify and they must follow the court's instructions, even if an attorney's comments conflicted with the instructions. Given only a vague reference to the failure to testify, strong evidence of guilt, and the trial court's jury instructions, any error was harmless.

7

C.    *The Trial Court Did Not Have a Sua Sponte Duty To Instruct The Jury on*

*Misdemeanor Receiving Stolen Property As a Lesser Included Offense*

Allen contends the trial court erred by failing to instruct the jury on misdemeanor receiving stolen property as a lesser included offense of felony receiving stolen property. We disagree because misdemeanor receiving stolen property is not a lesser included offense of felony receiving stolen property.

In criminal cases, the trial court must instruct the jury on the general principles of law relevant to the issues raised by the evidence, regardless whether the defendant makes a formal request. (*People v. Breverman* (1998) 19 Cal.4th 142, 154.) "The trial court has a sua sponte duty to instruct on lesser included offenses when the evidence raises a question as to whether all of the elements of the charged offense were present and there is evidence that would justify a conviction of such a lesser offense." (*People v. Cooper* (1991) 53 Cal.3d 771, 827.) "'An offense is necessarily included in another if . . . the greater statutory offense cannot be committed without committing the lesser because all of the elements of the lesser offense are included in the elements of the greater.'" (*People v. Hughes* (2002) 27 Cal.4th 287, 365-366.) Put simply, when the greater crime "cannot be committed without also committing another offense, the latter is necessarily included within the former." (*People v. Lagunas* (1994) 8 Cal.4th 1030, 1034.)

Receiving stolen property ((§ 496, subd. (a)) is a "wobbler" offense, which is deemed a felony unless charged as a misdemeanor under section 17, subdivision (b). (*In re Jorge M.* (2000) 23 Cal.4th 866, 879.) The decision to charge a wobbler as either a felony or misdemeanor belongs to executive officials responsible for the prosecution of crimes. (*Davis v. Municipal Court* (1988) 46 Cal.3d 64, 86.)[2] Because section 496,

---

[2]    Courts have discretion under section 17, subdivision (b), to deem felony receiving stolen property as a misdemeanor when the defendant is given a punishment other than imprisonment in state prison. Here, however, Allen received a five-year state

8

subdivision (a), defines receiving stolen property as a single offense that may be charged as either a felony or misdemeanor by the prosecutor or grand jury, the misdemeanor classification is not a separate lesser included offense of the felony classification. Allen's argument, unsupported by authority, a misdemeanor instruction was warranted because of the weakness of the evidence against him fails to meet the definition of a lesser included offense. The prosecutor's decision to charge Allen with felony receiving stolen property furnished no basis for the trial court to instruct the jury on misdemeanor receiving stolen property.

D. *No Cumulative Error*

Allen argues multiple errors combined to violate his due process right to a fair trial. (*People v. Hill* (1998) 17 Cal.4th 800, 844-845, overruled on another ground in *Price v. Superior Court* (2001) 25 Cal.4th 1046, 1069, fn. 13) [multiple trial errors independently harmless may in combination create reversible error].) As explained above, we have found no errors, so there is nothing to cumulate. The cumulative error doctrine does not apply.

---

prison sentence due to his prior strike. Therefore, Allen's crime could not have been reduced to a misdemeanor.

## III

### DISPOSITION

The judgment is affirmed.


ARONSON, J.

WE CONCUR:


O'LEARY, P. J.


FYBEL, J.